11 DAVID S. GORBATY, Judge.
Dennis Points seeks review of a trial court judgment granting State Farm Mutual Automobile Insurance Company’s Motion to Amend Responses to Requests for Admission of Fact. For the following reasons, we convert the appeal to an application for supervisory writ, deny the writ, and remand this matter for further proceedings in accordance with this disposition.
FACTS AND PROCEDURAL HISTORY:
At the time of the accident giving rise to this lawsuit, Dennis Points was a motorcycle police officer for the New Orleans Police Department. He was severely injured when an automobile being driven by Willie Forbes struck him. According to Mr. Points, because of the potentially dangerous nature of his job, he carried $100,000 in uninsured/underinsured motorist coverage, and a $1,000,000 umbrella policy. Both of these policies were purchased from State Farm through its agent, Donald Bel-som.
Mr. Points filed suit against Mr. Forbes, his insurer, and State Farm Mutual Automobile Insurance Company (hereinafter “State Farm Mutual”) in January ofl21995. On August 12, 1998, counsel for Mr. Points propounded the following Requests for Admissions to counsel for State Farm Mutual:

REQUEST FOR ADMISSIONS NO. 1:

*316 Do you admit or deny that Dennis Points had a policy of insurance for primary liability in the amount of $100,000 in force and effect with State Farm Mutual Automobile Company on February 14,1994.

REQUEST FOR ADMISSIONS NO. 2:

If Request for Admissions No. 1 is admitted, do you admit or deny that such insurance included uninsured motorist coverage in an equal amount.

REQUEST FOR ADMISSIONS NO. 3:

Do you admit or deny that Dennis Points had a policy of insurance for excess liability (umbrella) in the amount of $1,000,000 in force and effect with State Farm Mutual Automobile Company on February 14,1994.

REQUEST FOR ADMISSIONS NO. 4:

If Request for Admissions No. 1 is admitted, do you admit or deny that such insurance included uninsured motorist coverage in an equal amount.
State Farm Mutual admitted all four requests for admissions. On September 2, 1998, counsel for Mr. Points propounded the following Requests for Admissions to State Farm Mutual:

REQUEST FOR ADMISSIONS NO. 1:

Do you admit or deny that Dennis Points had a policy of insurance for excess liability (umbrella) in the amount of $1,000,000 in force and effect with State Farm Mutual Automobile Company on February 14,1994.

REQUEST FOR ADMISSIONS NO. 2:

If Request for Admissions No. 1 is admitted, do you admit or deny that such insurance included uninsured motorist coverage in an equal amount.
|3State Farm Mutual admitted the first request, but denied the second.
The plaintiff settled his claim against Mr. Forbes and his insurer, and on March 9, 2000, the trial court signed a Judgment of Partial Dismissal.
According to plaintiff, on June 4, 2002, through either telephone or written communications, State Farm Mutual denied that it had issued to plaintiff the $1,000,000 umbrella policy. Instead, State Farm Mutual claimed to have discovered that State Farm Fire and Casualty (hereinafter State Farm Fire) had actually issued the policy in question.[1] On June 25, 2002, State Farm Mutual filed a Motion in Limine requesting that the trial court not allow plaintiff to introduce at trial evidence of the umbrella policy and/or a UM waiver allegedly executed by plaintiff because State Farm Fire was not a party to the lawsuit. On July 24, 2002, plaintiff amended his original petition to add State Farm Fire as an additional defendant, alleging State Farm Fire to be an undisclosed principal and reinsurer of State Farm Mutual.
State Farm Fire thereafter filed a Peremptory Exception of Prescription on October 18, 2002, arguing that prescription had run pursuant to La.Rev.Stat. 9:5629 because State Farm Fire was not solidarily liable with any other defendants, more than eight years had elapsed since the date of the accident, and more than two years had elapsed since the original tort-feasor and his insurer were dismissed from the suit. State Farm Fire argued that it was a distinct legal entity from State Farm Mutual.
hOn March 10, 2003, the trial court granted State Farm Fire’s Exception holding that La.Rev.Stat. 9:5629 was control *317 ling, and, therefore, plaintiffs suit against State Farm Fire had prescribed.
On November 7, 2002, State Farm Mutual filed a motion asking the trial court to allow it to amend its previous responses to plaintiffs Request for Admissions. Specifically, State Farm wanted now to deny that it had issued a $1,000,000 umbrella policy to Mr. Points. On May 2, 2008, the trial court granted State Farm Mutual’s motion. Mr. Points appealed that judgment as well as the judgment maintaining State Farm Fire’s Exception of Prescription.
Following oral argument, counsel for State Farm Fire filed with this Court a Motion to Dismiss Exception of Prescription and Motion to Dismiss Appeal of the March 10, 2003 Judgment Granting the Exception of Prescription Filed on Behalf of State Farm Fire and Casualty Company. The motion indicated that plaintiff had no objection to vacating the judgment maintaining the Exception of Prescription, and to dismissing the appeal of that judgment. In a separate order, this Court granted the motions.
Originally, this Court was prepared to entertain the appeal of the judgment granting State Farm Mutual’s request to amend its responses to Requests for Admissions even though that judgment was interlocutory in nature, because the issue was inextricably intertwined with the appeal of the judgment maintaining the Exception of Prescription. However, the dismissal of the appeal of the judgment maintaining the Exception of Prescription has created a procedural quandary. The judgment granting the request to amend the responses to Request for Admissions standing alone is an interlocutory judgment, and is thus not appealable. However, |fiin the interest of judicial economy, we have converted the appeal to an application for supervisory writ, and will address the merits.
DISCUSSION:
Mr. Points seeks review of a May 2, 2008 judgment wherein the trial court granted State Farm Mutual’s Motion to Amend Responses to Requests for Admissions of Fact.
Louisiana Code Civil Procedure art. 1468 provides in part:
Any matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission. Subject to the provisions of Article 1551 governing amendment of a pretrial order, the court may permit withdrawal or amendment when the presentation of the merits of the action with [sic] be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice him in maintaining his action or defense on the merits.
The trial court stated in Reasons for Judgment that it was cognizant of the fact that the previously maintained Exception of Prescription dismissed State Farm Fire from the action, and that allowing State Farm Mutual to amend would leave plaintiff with no entity to pursue for umbrella coverage. Notwithstanding this statement, the trial court found that Mr. Points failed to satisfy the court that amendment to the responses would prejudice him in maintaining his action. We disagree with this finding. Clearly, dismissing State Farm Fire from the suit and allowing State Farm Mutual to deny that it issued an umbrella policy to Mr. Points would prejudice him.
Despite our disagreement with that portion of the trial court’s finding, we agree with the trial court’s conclusion that not allowing State Farm Mutual to amend its *318 responses would require it to defend an aspect of a case for which it was 1 finot the proper party defendant, and could ultimately result in State Farm Mutual having to honor the terms of a policy it did not issue. To that end, we find no error in the trial court granting State Farm Mutual’s motion to amend. Additionally, because the judgment maintaining the exception of prescription filed on behalf of State Farm Fire has been vacated, allowing State Farm Mutual to amend its responses no longer prejudices Mr. Points.
Accordingly, plaintiffs writ is denied.
WRIT DENIED.

. There is an underlying question of whether plaintiff signed a waiver of underin-sured/uninsured motorist coverage for the umbrella policy. That issue is not, however, before this Court.